UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY DAVIS, | ) |
|  | ) |
|    Plaintiff, | ) |
|  | ) |
|      vs. | ) Cause No. 1:13-cv-1004-WTL-DML |
|  | ) |
| SAM'S EAST, INC., et al., | ) |
|  | ) |
|    Defendants. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendants' motion for summary judgment. The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

As an initial matter, in its review of the summary judgment briefs and related filings the Court discovered that the Defendants violated Federal Rule of Civil Procedure 5.2(a) by filing at least one exhibit that contains unredacted personal identifiers. The Court has directed the Clerk to place Docket Nos. 42-2, 42-3, and 42-4 under seal to give defense counsel the opportunity to review them. **Within 3 days of the date of this Entry**, the Defendants shall file redacted versions of any of these docket entries that contain personal identifiers; if any of them do not, the Defendants shall file a motion to unseal the relevant docket entry or entries.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable

inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to 'scour the record in search of evidence to defeat a motion for summary judgment.'" *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001) (citation omitted).

## II.  FACTS

The following facts are recited in the Defendant's Statement of Undisputed Material Facts and supported by citation to evidence in the record. Many of the facts also are alleged in the Complaint; in any event, the Plaintiff does not appear to refute any of these facts and has not directed the Court to any evidence in the record that does so.

Plaintiff Gary Davis was employed by Wal-Mart Stores East, L.P. ("Wal-Mart") at the Sam's Club Distribution Center in Greenfield, Indiana, for over twelve years. In October 2011, became unable to work due to a medical condition. Davis requested and was granted FMLA leave by Wal-Mart. His FMLA leave was extended several times; once he had exhausted the twelve weeks of FMLA leave to which he was entitled, he requested and was granted a personal leave of absence pursuant to Wal-Mart's policy. His personal leave of absence also was extended several times until finally it was extended to July 9, 2012.

On July 4, 2012, Wal-Mart sent Davis a letter reminding him that his personal leave of absence would expire on July 9, 2012, and advising him that if he wanted to extend his leave he was required to submit a new request along with certification forms prior to that date. Davis had received similar letters each previous time his leave was due to expire and had fulfilled the requirements to extend his leave each time. This time, Davis delivered the required certification form to his physician's office to be completed; however, the physician was on vacation and, unbeknownst to Davis, did not compete the paperwork.

By July 19, 2012, Wal-Mart had not received any paperwork from Davis seeking to extend his leave again. Wal-Mart sent Davis another letter advising him that his leave of absence had expired and that he should contact Wal-Mart as soon as possible if he intended to apply for additional leave. When Wal-Mart did not receive a response from Davis, it terminated his employment on July 31, 2012. The reason given for the termination was job abandonment.

Davis remained unable to work from October 18, 2011, through the date of his termination by Wal-Mart and the date this case was filed. In fact, Davis successfully applied for Social Security Disability Benefits based on his assertion that he had been unable to work due to disability since October 1, 2011.

### III. DISCUSSION

Davis asserts claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Davis does not dispute that Wal-Mart directed him to complete paperwork in order to continue to extend his leave past July 9, 2012, and that he (or his physician) failed to do so. However, he asserts in his Complaint that Wal-Mart discriminated against him on the basis of his disability and his age because it was "more flexible with younger, non-disabled employees

facing adverse employment action than they were with Davis," in that "[y]ounger, similarly situated employees" and "[n]on-disabled, similarly situated employees facing adverse employment action were provided additional opportunities to come into compliance with [Wal-Mart] policies, and were not subject to termination for taking the same actions as those alleged against Davis." Complaint ¶¶ 17, 22, and 28.

Unfortunately for Davis, he has provided no evidence from which a reasonable juror could find in his favor. He does not identify any of the younger or non-disabled individuals he alleges were treated more favorably than he was; nor does he point to any evidence from which a reasonable jury could conclude that Wal-Mart's stated reason for his termination was false and that the real reason was his age, his disability, or both. Davis's unsupported assertion—which he concedes in this deposition is based on speculation—is not enough to defeat Wal-Mart's motion for summary judgment. *See, e.g., Carothers v. County of Cook*, ___ F.3d ____, 2015 WL 9268078 at *10 (7th Cir. Dec. 21, 2015) (citing *Ripberger v. Corizon, Inc.,* 773 F.3d 871, 882 (7th Cir. 2014) (finding that plaintiff could not establish causation for retaliation claim when she "provided nothing beyond her own speculation that [her superintendent] had some 'say so' in the decision-making")); *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014) ("'[I]nferences that are supported by only speculation or conjecture will not defeat a summary judgment motion.'") (quoting *Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc.,* 517 F.3d 470, 473 (7th Cir. 2008)). Further, Davis's "pro se status doesn't alleviate his burden on summary judgment."[1] *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011).[2] Because Davis

---

[1] The Court notes that Davis was provided with the notice required by Local Rule 56-1(k) that set forth his obligations in responding to the motion for summary judgment and the consequences of failing to file a proper response.

[2] The Court notes that Davis's claim under the ADA has another fatal flaw. Davis testified at his deposition that he applied for and was granted Social Security disability benefits

4

offers nothing more than his own speculation that his termination was the result of age and/or disability, Wal-Mart is entitled to summary judgment on his discrimination claims.

Davis also argues in response to the motion for summary judgment that he was terminated in retaliation for an email that he sent to ethics@wal-mart.com a week before he went on leave that he alleges got him branded as a "troublemaker" with Wal-Mart management. While Davis included a claim for retaliation in his EEOC charge, his Complaint neither asserts a retaliation claim nor includes any facts regarding the email or the alleged troublemaker label. Wal-Mart argues that because he has not amended his complaint to assert a retaliation claim he has lost the right to do so. The Court need not resolve that question, however, because even assuming the retaliation claim is properly before the Court, it cannot survive summary judgment.

An employee is protected from retaliation for engaging in "statutorily protected activity"—which, in this case, would be complaining about disability and/or age discrimination. The email in question reads as follows:

> To whom it may concern, Thank you for taking the time to read this, and hopefully it will be acted upon soon! I will get to the point, and try to just be as blunt and honest, respectful, as I can. Sams Distribution Center 8232 Greenfield, Indiana, is violating several Ethical Standards set in place at the beginning of this company. Myself and I'm sure almost 100% of the people working there are really getting worried that no one in the upper management team in home office is

---

based upon an onset date of October 2011, and that he has been unable to work at all due to his disability since that time. Accordingly, the evidence of record demonstrates that Davis was not a "qualified person with a disability" at the time Wal-Mart terminated his employment in July 2012 and therefore he cannot satisfy the elements of an ADA claim because he cannot demonstrate that he could perform the essential functions of his job, with or without reasonable accommodation, at the time of his termination. *See Butler v. Village of Round Lake Police Dep't*, 585 F.3d 1020, 1023 (7th Cir. 2009) ("Claiming disability benefits and asserting ADA claims are not *always* mutually exclusive, but a 'plaintiff's sworn assertion in an application for disability benefits that she is, for example, "unable to work" will appear to negate an essential element of her ADA case—at least if she does not offer a sufficient explanation.'") (quoting *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999)) (emphasis in original).

>listening to our concerns. These lies and cheating and other fraudulent acts must be investigated and stopped now! This has gotten to the point that if something isn't done to get this management team to be honest with us, and stop cheating and lying to us about every aspect of our job, there is only one option left for us to consider. I hope that your Dept. is able to make arrangements real soon to speak to individuals in the Warehouse and get their input on these serious violations. Most of the people including myself have been with the co. 12-20 years and we are all for the most part aware of what is about to take place here, and we do not intend to have our jobs taken from us in this unlawful matter.

Dkt. 44-1 at 23 (some punctuation and capitalization corrected for sake of clarity). This email does not constitute "statutorily protected activity" because it does not complain of acts of discrimination, but rather "lies and cheating and other fraudulent acts." While Davis might have been referring to what he perceived as age or disability discrimination, there is simply nothing in the text of the email itself that would suggest that to the reader. Retaliation for general complaints of malfeasance or mistreatment do not support a claim under either the ADA or the ADEA. *Cf. Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003) ("Although an employee need not use the magic words 'sex' or 'gender discrimination' to bring her speech within Title VII's retaliation protections, she has to at least say something to indicate her gender is an issue. An employee can honestly believe she is the object of discrimination, but if she never mentions it, a claim of retaliation is not implicated, for an employer cannot retaliate when it is unaware of any complaints."). Accordingly, Wal-Mart is entitled to summary judgment on Davis's retaliation claim as well.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, Wal-Mart's motion for summary judgment (Dkt. No. 40) is **GRANTED** as to all of Davis's claims and judgment will be entered in favor of Wal-Mart and against Davis. In light of this ruling, Wal-Mart's motion to vacate the jury trial and all related settings and deadlines (Dkt. No. 47) is **DENIED AS MOOT**.

SO ORDERED: 1/12/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Gary Davis**
**1635 Grand Ave. Apt. 2**
**New Castle, Indiana 47362**

Copies to all counsel of record via electronic notification